IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-00551-WYD-KMT

FEDERATED MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

MICHAEL ENRIGHT and AAA SERVICE PLUMBING, INC.,

    Defendants.

_____

## **PROTECTIVE ORDER**
_____

For the sole purpose of avoiding discovery disputes and expediting the filing and resolution of dispositive motions pertaining to insurance coverage issues in this matter, and without waiving any of its objections, including as to relevance, the Plaintiff, Federated Mutual Insurance Company ("Federated") has agreed to voluntarily produce non-privileged documents from (1) its claim file pertaining to an accident the Defendant, Michael Enright, was involved in on August 25, 2013 – Federated's Loss Number 246998; and (2) its underwriting file pertaining to Federated Policy Number 9052386 issued to the Defendant, AAA Service Plumbing, Inc. ("Triple A"). These files consist of confidential information including, but not limited to, trade secrets, personal, business and/or financial information relating to both parties.

Therefore, upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents and information produced by Federated from (1) its claim file pertaining to an accident the Defendant, Michael Enright, was involved in on August 25, 2013 – Federated's Loss Number 246998; and (2) its underwriting file pertaining to Federated Policy Number 9052386 issued to the Defendant, Triple A. (collectively, the "Protected Discovery Material")

2. The Protected Discovery Material is confidential and implicates common law and statutory privacy interests of one or more of the parties and/or their current or former agents, servants or employees.

3. The Protected Discovery Material shall be designated "CONFIDENTIAL," and shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

5. The Protected Discovery Material shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the Plaintiff;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any Protected Discovery Material to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Whenever a deposition involves the disclosure of Protected Discovery Material, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information

as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. If any confidential material is filed with the Court, including any pleading incorporating confidential material, the portion of such filing containing confidential material shall be filed under seal.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

IT IS SO ORDERED.

Entered on this 26th day of June, 2015.

10373266.1

Kathleen M. Tafoya
United States Magistrate Judge